**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN COLIN SUTTLES, individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **v.** | § | **A-14-CA-505 RP** |
| | § | |
| **SPECIALTY GRAPHICS, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
          UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion to Strike Defendant's Offer of Judgment (Dkt. No. 14); and the associated responses, replies and supplemental filings, as well as Defendant's Motion to Dismiss Plaintiff's TCPA Claim (Dkt. No. 19) and the responses and replies.  The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Plaintiff John Colin Suttles ("Suttles") individually and on behalf of all others similarly situated, sues Defendant Specialty Graphics, Inc. ("Specialty Graphics"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., a statute enacted to regulate telemarketers.

Suttles alleges that on May 21, 2014, Defendant Specialty Graphics contacted Suttles on his cellular telephone number via an automated telephone dialing system as defined by 47 U.S.C.

§ 227(a)(1) ("ATDS").   Suttles alleges he received ten calls from this caller designated as UNKNOWN or 0000000000. Unless the recipient has given prior express consent, the TCPA and Federal Communications Commission ("FCC") rules prohibit solicitors from calling cellular phones using an ATDS or an artificial or prerecorded voice, unless made for emergency purposes.   On May 30, 2014, Suttles filed his Original Class Action Complaint, and on June 23, 2014, Suttles amended his complaint. In the Amended Complaint, Suttles, on behalf of himself and a class of similarly situated individuals, seeks an injunction requiring Defendant to cease all wireless spam activities and asks for an award of statutory damages to the class members, including treble damages, together with costs and reasonable attorneys' fees.

On June 24, 2014, Specialty Graphics filed its answer, and also made a Rule 68 offer of judgment to Suttles, offering what it contends is the maximum amount Suttles could recover for his claims.   Specifically, it offered to pay Suttles $15,000, or $1,500 per call for the ten calls Suttles alleges he received, which is comprised of the statutory fine plus treble damages.   The offer further proffers to pay reasonable attorneys' fees and costs, to be determined by the Court if the parties are unable to reach an agreement.   Lastly, with regard to injunctive relief, Specialty Graphics offered to comply with applicable law and make no telephone calls to Suttles in the future.   Dkt. No. 14-1. Suttles did not accept the offer of judgment.

On August 4, 2014, Suttles filed two motions:  a Motion to Certify Class (Dkt. No. 13), and a motion seeking to strike the offer of judgment (Dkt. No. 14).   The latter motion alleges that Specialty Graphics is attempting to improperly "pick him off" as the representative plaintiff in a class action, in an improper attempt to render the entire case moot.   He relies upon *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 918 (5th Cir. 2008), arguing that the "relation back" doctrine applies

in this case to avoid mootness and permit the representative action to play out notwithstanding the offer of judgment.  Suttles further argues that the offer of judgment should be stricken because a pending Rule 68 offer made only to the class representative could create an ongoing conflict between the class representative and the putative class members, and Suttles did not have a reasonable opportunity to file his motion to certify the class prior to the offer of judgment being made.

For its part, Specialty Graphics moves to dismiss the case, contending that the Court lacks jurisdiction over it.  Relying primarily on *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013), it alleges that it offered judgment to Suttles in an amount that would give him complete relief on his claims, thereby rendering his claims moot for lack of Article III standing.[1]

## II.  ANALYSIS

### A.    Motion to Dismiss Pursuant to Rule 12(b)(1) Standard

Specialty Graphics moves to dismiss Suttles' claims asserting the court lacks subject matter jurisdiction because Suttles' claims were mooted by its offer of judgment.  A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute.  *See* FED. R. CIV. P. 12(b)(1).  Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 470 (5th Cir. 2008).  Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1.  This clause requires that parties seeking to invoke federal jurisdiction demonstrate that they have a legally cognizable interest or personal stake in the outcome of the case.  *Genesis* 133 S.Ct. at 1528.  A live controversy must exist

---

[1]Specialty Graphics also relies heavily on Judge Sparks' decision in *Masters v. Wells Fargo Bank South Central, N.A.*, 2013 U.S. Dist. Lexis 101171 (W.D. Tex. July 11, 2013).

at every stage of the litigation. *Id.* If an intervening circumstance deprives a plaintiff of a personal stake in the case or makes it impossible for the court to grant any effectual relief, the case must be dismissed as moot. *Chafin v. Chafin*, ―― U.S. ――, 133 S.Ct. 1017, 1023 (2013) (internal quotation marks and citation omitted).

## B.   *Genesis* and the Offer of Judgment

The Fifth Circuit has recognized that in certain circumstances a Rule 68 offer of judgment that fully satisfies a plaintiff's claim moots that claim. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914-15, 919 (5th Cir. 2008). An incomplete offer of judgment—that is, one that does not offer to meet the plaintiff's full demand for relief—does not render the plaintiff's claims moot. *Payne v. Progressive Financial Services, Inc.,* 748 F.3d 605, 607 (5th Cir. 2014) (citing *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567-70 (6th Cir.2013); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167-68 (11th Cir.2012); *Gates v. Towery*, 430 F.3d 429, 431 (7th Cir. 2005)). The rationale for this rule is that when a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains. *See Hrivnak*, 719 F.3d at 567–68; *Zinni*, 692 F.3d at 1167–68.

The issue here is whether Specialty Graphics' offer of judgment to Suttles moots both his individual claims and his claims brought on behalf of a putative class. In its motion seeking dismissal, Specialty Graphics relies heavily on the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk*. It contends that *Genesis* stands for the proposition that by making a complete offer of judgment to a potential class plaintiff, the entire case, including any class action claim, is rendered moot because the representative plaintiff no longer has a personal stake in the

outcome of the case.  In *Genesis*, the plaintiff had filed a collective action under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA").  Because of the odd procedural posture of the case, the Court did not reach the fundamental question of whether an unaccepted offer of judgment offering complete relief moots a plaintiff's claim.  Rather, the Court explicitly assumed that proposition without deciding it, mainly because the plaintiff—making what perhaps was a fatal strategic error—waived that issue by not making a cross-petition for certiorari, and by conceding it in her briefs below.  *Genesis* 133 S. Ct. at 1532.  Instead, the Court concluded that, assuming plaintiff's individual claim was made moot by the defendant's offer of judgment, the "collective" action under the FLSA was "appropriately dismissed for lack of subject-matter jurisdiction," because the plaintiff "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Id.*

In the Fifth Circuit, the law is settled that an offer of judgment providing a plaintiff complete relief on his claim renders that individual claim moot.  *Sandoz*, 553 F.3d at 921 & n.5.  But this fundamental issue is not one on which courts agree.[2]  Further, as already noted, *Genesis* did not address that issue because the majority determined that it was not properly before the court.  In a dissent joined by three other justices, Justice Kagan sharply criticized the majority for taking the case with the built-in assumption that an unaccepted settlement offer mooted a plaintiff's individual claim, because that led it to resolve the class certification mootness issue without first deciding whether the assumption they were making was even correct.  The four dissenters view on that question was made quite clear:  the conclusion that a Rule 68 offer of judgment could moot a plaintiff's claim was

---

[2] *See, e.g. Weiss v. Regal Collections*, 385 F.3d 337, 340 (3rd Cir. 2004) (individual claim rendered moot by offer of complete relief); *McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2nd Cir. 2005) (offer of full relief did not moot case).

"wrong, wrong, and wrong again." *Id.* at 1533. Reviewing the text of Rule 68, and caselaw interpreting it, Justice Kagan explained that an unaccepted offer of judgment, regardless of how complete it might be, was—because unaccepted—a "legal nullity." Indeed, Justice Kagan offered "a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory," and further punctuated it with "a note to all other courts of appeals: Don't try this at home." *Id.* at 1534. As noted, the five justices in the majority did not reach that issue, and thus it is unclear what their individual views on that question are.[3] Until the Supreme Court takes up the issue, however, this Court is bound to follow the Fifth Circuit's precedent that Suttles' individual claim was rendered moot by the presentation of an offer of complete relief on the claim.

Specialty Graphics contends that the majority opinion in *Genesis* mandates that the Court dismiss this case, because the entire case is now moot. It is mistaken, however, that *Genesis* ***mandates*** that result, as the Supreme Court specifically limited its holding in *Genesis* to FLSA collective actions. In reviewing the caselaw regarding the issues presented by allowing an offer of judgment to terminate a putative class action, the majority explicitly distinguished Rule 23 class certification cases from FLSA collective action cases. *Id.* at 1530-32. In response to the plaintiff's reliance on Rule 23 cases, the Court stated that those cases did not apply to its analysis "both because Rule 23 actions are fundamentally different from collective actions under the FLSA . . . and because these cases are, by their own terms, inapplicable to these facts." *Id.* So *Genesis* does not mandate an outcome here, in a non-FLSA case. Indeed, the majority of the courts that have looked

---

[3]The closest the majority comes to addressing the issue is, of course, in a footnote. There, they "note that Courts of Appeals on both sides of that issue have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent." *Id.* at 1529 n.4.

at this issue have concluded that the Supreme Court's decision in *Genesis* is limited to the FLSA collective action context.[4]

Specialty Graphics' dismissal argument also relies on Judge Sparks' decision from 2013 in *Masters v. Wells Fargo Bank South Central, N.A.*, 2013 WL 3713492 (W.D. Tex. July 11, 2013). That case was also brought as a prospective class action under the TCPA, and the defendant tendered a Rule 68 offer of judgment, and then moved to dismiss on mootness grounds. Canvassing the then-existing caselaw, Judge Sparks found that the offer of judgment, which had been made before a class certification motion was filed, mooted both Masters' individual claim and his putative class claim. He first analyzed Masters' individual claim, and noted that the Supreme Court in *Genesis* had expressly reserved judgment on the question of "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot." *Id.* at *4. Finding that there was no controlling decision from the Supreme Court, he then turned to Fifth Circuit precedent, which he concluded held that an unaccepted offer fully satisfying a claim moots the claim. *Id.* (citing *Sandoz*, 553 F.3d at 921 n. 5).

Having concluded that Masters' individual claim was moot, Judge Sparks moved to Masters' class claim. On that question, Judge Sparks again turned to the *Genesis* decision, and concluded that

---

[4] *See, e.g. Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698 (11th Cir. 2014); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014); *Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*, 2013 WL 3771397, at *2 (D.Minn. July 18, 2013) ("In other words, *Genesis* is inapplicable to a Rule 23 action brought under the TCPA."); *Ramirez v. Trans Union, LLC*, 2013 WL 3752591, at *2–3 (N.D. Cal. July 17, 2013) ("The Court's delineation between Rule 23 class actions and FLSA collective actions bars a finding that *Symczyk* is "clearly irreconcilable" with Ninth Circuit precedent reaching a different result in standard class action cases); *Canada v. Meracord, LLP*, 2013 WL 2450631, at *1 (W.D. Wash. June 6, 2013) ("[T]here is nothing to indicate that the [*Genesis Healthcare*] holding extends beyond FLSA collective actions."); *March v. Medicredit, Inc.*, 2013 WL 6265070, at *3 (E.D. Mo. Dec. 4, 2013) ("[T]he *Genesis* case is inapposite to the present Rule 23 class action complaint."); *Chatman v. GC Services, LP*, 302 F.R.D. 136 (D. S.C. 2014).

Masters' argument that his class claim was not moot was "foreclosed by *Genesis*." *Id.* at *5. Though he noted that the Supreme Court had declined to extend its holding to Rule 23 class actions, he observed that the Court "went on to review (and distinguish) the precise Rule 23 cases Masters relies on in support of his argument." *Id.* He then analyzed the arguments from the Rule 23 cases discussed in *Genesis*, and concluded that those arguments were not availing to Masters. In brief, though Judge Sparks recognized that the *Genesis* holding did not extend to non-FLSA cases, he found that the reasoning of *Genesis* had equal force to Masters' TCPA claim, and for the same reasons *Genesis* had found the claims there moot, he found Masters' claims to be moot. *Id.* at *5-6.

The problem with Specialty Graphics' reliance on Judge Sparks' decision in *Masters* is that the Fifth Circuit has since issued an opinion that casts doubt on that decision. In *Mabary v. Home Town Bank*, 771 F.3d 820 (5th Cir. 2014), decided on November 5, 2014, the Circuit was faced with a fact pattern nearly identical to that presented here and in *Masters*, but involving a claim made under the Electronic Funds Transfer Act, 15 U.S.C. § 1963.[5]   As Specialty Graphics has done here, the defendant in *Mabary* made an offer of judgment to the class plaintiff before a class certification motion was filed, and then moved to dismiss the case.   In reviewing the district judge's decision declining to dismiss the case, Judge Higginbotham explained that "[a]lthough an offer of complete relief (even an unaccepted one) will generally moot a plaintiff's claim, we agree with the district court that these circumstances fit within the 'relation back' exception." *Mabary*, 771 F.3d at 824 (footnotes and citations omitted).   As described by Judge Higginbotham, the relation back doctrine prevents a defendant in a class action case from "picking off" a class plaintiff "by mooting her

---

[5]The EFTA creates strict liability for failure to give proper notice of the fees charged to an ATM user.  Failure to do so results in the bank being strictly liable for a statutory fine, much like the TCPA makes callers strictly liable for a fine if they use an ATDS to call a cell phone.

individual claim before the court has an opportunity to rule on the question of class certification, if the plaintiff has timely and diligently pursued a motion for class certification that actually results in a class being certified." *Id.*  Importantly, *Mabary* explicitly rejected the bank's argument that the relation back doctrine had not survived the Supreme Court's decision in *Genesis*:

> But the Supreme Court noted, and expressly did not decide, a circuit split on "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot'' when the collective action class has not yet been certified. The Supreme Court also rejected the plaintiff's reliance on Rule 23 class action cases, explaining that "Rule 23 actions are fundamentally different from collective actions under the FLSA."

*Id.* at 825.  Thus, the court held that a Rule 68 offer of judgment made *before* a class certification motion was even filed did not moot the case, and that the case was subject to the relation back doctrine.  This would seem to clearly suggest that *Masters* was wrongly decided.

However, just two weeks ago, the Fifth Circuit released an opinion that muddies the water considerably.  That case involved a Rule 23 class action suit that had been dismissed on multiple grounds, one of which involved the "relation back" doctrine.  *Fontenot v. McGraw*, ___ F.3d ___, 2015 WL 304151 (5th Cir. 2015).  In discussing the relation back doctrine, the decision canvassed all the relevant Supreme Court and Fifth Circuit caselaw the led to its development.  Oddly, *Mabary*—decided just two months earlier—is relegated to a single mention in a footnote.  One of the issues the court expressly addresses in *Fontenot* is whether the Fifth Circuit's relation back doctrine as set out in *Zeidman v. J. Ray McDermitt & Co., Inc.*, 651 F.2d 1030 (5th Cir. 1981) was undermined by *Genesis*.  As just mentioned, that very same issue was raised two months earlier in *Mabary*, with the Circuit holding that the relation back doctrine survived *Genesis*.  Yet in *Fontenot*, the Circuit states that *Genesis* "casts doubt" on *Zeidman*, and "undermines" *Zeidman*'s reasoning, but notes that "we need not finally decide" whether *Zeidman* was overruled by *Genesis* because the

defendant did not make that argument. *Fontenot*, 2015 WL 304151 at *6. Given that *Mabary* appears to have "finally" decided that issue just two months earlier, this is confusing, to say the least.

Moreover, and more significantly, *Fontenot* tries to distinguish *Mabary*, stating that it did not "extend" the rule in *Zeidman*. *Id.* at *6 n.13. This was important, because the *Fontenot* court believed that "only by extending [the Fifth] circuit's precedent beyond *Zeidman* could [it] apply the relation back doctrine." *Id.* at *6. But the statement that *Mabary* did not extend the *Zeidman* rule beyond the facts of that case is plainly incorrect. In *Mabary*, the suit was filed on October 10, 2010, and the Rule 68 offer of judgment was made on February 3, 2011. No class certification motion was pending at that time. *Mabary*, 771 F.3d at 822. Rather, it was not until four days later, on February 7, 2011, that the plaintiff filed her first amended complaint as well as her motion to certify a class. *Id.* Despite this, *Mabary* found that the class claim related back to the filing of the complaint and was not moot. In *Zeidman*. the class certification motion was already pending when the settlement offer was made. The panel in *Fontenot* obviously recognized this, since they noted *Zeidman* "is predicated on a class certification motion's having been diligently filed and pursued *at the time the named plaintiff's claim becomes moot*," and contrasted that with the fact that in their case "no certification motion was even pending when [the defendants] mooted [plaintiff's] individual claims." *Fontenot*, 2015 WL 304151 at *6 (emphasis added). But that was exactly the case in *Mabary*—the certification motion was filed four days *after* the offer of judgment mooting the case was made. In short, it is impossible to reconcile the decision in *Fontenot* with the earlier decided opinion in *Mabary*.[6]

---

[6] It is a bit puzzling how this conflict occurred. There is no question that the panel in *Fontenot* was aware of the *Mabary* decision, since the panel cites to it in a footnote, and since Judge Jolly was on both panels (indeed, he dissented in *Mabary*). Of course, had the *Fontenot* panel

All of which leaves this Court in a bit of a quandary. Faced with conflicting decisions on the controlling issue in this case, the only thing the Court can do is what the circuit would do in the same situation—follow the earliest decided case. "When panel opinions appear to conflict, we are bound to follow the earlier opinion." *H&D Tire and Automotive-Hardware v. Pitney Bowes*, 227 F.3d 326, 330 (5th Cir. 2000). *Mabary* is the earlier decision, and squarely concluded that a class certification motion filed four days after the receipt of an offer of judgment is sufficiently timely and diligent to prevent the claim from being mooted by the offer of complete relief to the individual plaintiff. In this case, the offer of judgment was presented on June 24, 2014, and the motion to certify a class was filed 10 days later, on August 4, 2014. The only pleading that Specialty Graphics had filed at the time it presented its offer of judgment was its answer, which it filed the same day that it made the offer to Suttles. It is difficult to see how Suttles could have been more diligent or prompt with his class certification motion, other than filing it contemporaneously with the filing of the lawsuit.[7] Accordingly, the Court concludes that the motion to certify relates back to filing of the original complaint, and thus the offer of judgment does not moot Suttles' individual or class complaint.

---

conceded that *Mabary* had already decided the issue, it would have been bound to follow *Mabary*. *See, e.g., Burlington Northern R. Co. v. Brotherhood of Maint. of Way Employees*, 961 F.2d 86, (89) (5th Cir. 1992) ("In this circuit one panel may not overrule the decision, right or wrong, of a prior panel in the absence of en banc reconsideration or superseding decision of the Supreme Court."). Only by misunderstanding—or perhaps, disregarding—the facts and holding of *Mabary* could the panel properly have given *Mabary* such short shrift.

[7]It seems likely that all class action plaintiffs in statutory penalty cases will soon be filing motions to certify with their original complaint, so the motion will be pending *before* any offer of judgment is presented to them. Of course, Rule 23 does not require this, but rather only requires that the court decide the certification issue "[a]t an early practicable time after a person sues or is sued as a class representative." FED. R. CIV. P. 23(c)(1)(A).

### C.      Motion to Strike the Offer of Judgment

Suttles moves to strike Specialty Graphics' offer of judgment on the basis that a timely-filed class certification motion is pending and that allowing the offer of judgment to stand would "seriously undermine the purpose of Rule 23" by subverting the pending class action.  The motion should be denied  for at least two reasons.  First, Rule 68 itself makes the motion superfluous.  It explicitly states that "[a]n unaccepted offer is considered withdrawn, but it does not preclude a later offer."  FED. R. CIV. P. 68(b).  There is no dispute that Suttles has not accepted the offer.  It is therefore deemed withdrawn by the plain language of Rule 68.  Second, Rule 12(f) only permits the Court to strike "pleadings."  A Rule 68 offer of judgment is not a pleading.  It is not filed with the court, but rather is only served on one's opposing party.  Only if it has been accepted may it be filed with the Court.  FED. R. CIV. P. 68(a).  As just noted, it has not been accepted, and thus is not a filed pleading that can be stricken.  For these reasons, Plaintiff's Motion to Strike Defendant's Offer of Judgment (Dkt. No. 14) should be DENIED.[8]

### III.  RECOMMENDATION

The Court **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Dismiss Plaintiff's TCPA Claim (Dkt. No. 19), and **DENY** Plaintiff's Motion to Strike Defendant's Offer of Judgment (Dkt. No. 14).

---

[8]In *Mabary*, the court noted that "[i]f the district court . . . ''ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff' will not fully satisfy the class action claim; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot."  *Mabary*, 771 F.3d at 824 (citations and internal punctuation omitted). Thus, in this case, if the motion to certify is denied, Specialty Graphics can make another offer, *see* FED. R. CIV. P. 68(a), and seek dismissal on that basis at that time.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of February, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE